UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
STEPHEN RUEDA,

                Plaintiff (s),                                      Civil Action No.

       -against-                                              COMPLAINT
                                                                       JURY TRIAL DEMANDED

GARDEN STATE TREATMENT CENTER LLC, TYLER
LANMAN, and JOHN DOES 1-10 last name being fictitious
and representing individuals whose identity is unknown to the
Plaintiff at this time,

                Defendant (s).
-------------------------------------------------------------------------X

Plaintiff, STEPHEN RUEDA, by his attorneys, JOSEPH R. BONGIORNO & ASSOCIATES, P.C., complaining of the defendants, GARDEN STATE TREATMENT CENTER LLC, TYLER LANMAN, and JOHN DOES 1-10, as follows:

## PARTIES

1. Plaintiff, STEPHEN RUEDA, at all times relevant hereto, has resided at 81 Grove Street, Lynbrook, New York 11563.

2. That at all times mentioned herein, the defendant, GARDEN STATE TREATMENT CENTER LLC, was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of New Jersey.

3. That at all times mentioned herein, the defendant, GARDEN STATE TREATMENT CENTER LLC, had its principal place of business 350 South Sparta Avenue, Sparta, New Jersey 07871.

4. That at all times mentioned herein, and upon information and belief, the defendant, TYLER LANMAN, was and still is a resident of the State of Florida who is currently incarcerated at the Morristown Correctional Facility in the State of New jersey.

5. That at all times mentioned herein and upon information and belief, the defendants, JOHN DOES 1-10, are agents, servants, employees, and/or contractors of the defendant, GARDEN STATE

TREATMENT CENTER LLC, working and/or located in and/or having their principal place of business in the State of New Jersey.

## JURISDICTIONAL STATEMENT

1. This Court has jurisdiction in this case pursuant to 28 U.S.C. Section 1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(a), (b) and (c).

## AS AND FOR A FIRST COUNT
### (NEGLIGENCE)

1. That at all times mentioned herein, the defendant, GARDEN STATE TREATMENT CENTER LLC, its agents, servants, employees, and/or contractors including defendants, JOHN DOES 1-10, provided inpatient alcohol and drug rehabilitation services to patients, including the plaintiff, STEPHEN RUEDA, and the defendant, TYLER LANMAN.

2. That as part of the inpatient rehabilitation services, the defendant, GARDEN STATE TREATMENT CENTER LLC, its agents, servants, employees, and/or contractors including defendants, JOHN DOES 1-10, undertook responsibility for the safety and health of its inpatients, excluding or separating those patients with violent or dangerous propensities from the rest of the inpatient population, supervising patient contact with other patients, and assessing the needs and safety needs of its patients, including the plaintiff, STEPHEN RUEDA and the defendant, TYLER LANMAN.

3. That at time of the admission of the defendant, TYLER LANMAN, the defendant, GARDEN STATE TREATMENT CENTER LLC, its agents, servants, employees, and/or contractors including defendants, JOHN DOES 1-10, knew or should have known that said defendant was a violent and delusional, and was a serious and immediate danger to other patients, including but not limited to the plaintiff, STEPHEN RUEDA.

4. That the defendant, GARDEN STATE TREATMENT CENTER LLC, its agents, servants, employees, and/or contractors including defendants, JOHN DOES 1-10, were aware that the defendant, TYLER LANMAN, had been discharged from another treatment facility as a result of violent confrontation(s) with other patients.

5. That on or about December 13, 2021, at approximately 10:00 a.m., the defendant, TYLER LANMAN, was left unsupervised and was not excluded from contact with other patients, and did violently and without provocation, assault and batter the plaintiff, STEPHEN RUEDA.

6. That at the time of said assault and battery, the plaintiff, STEPHEN RUEDA and the defendant, TYLER LANMAN, were inpatients at the said defendant, GARDEN STATE TREATMENT CENTER LLC's rehabilitation center located at 350 South Sparta Avenue, Sparta, New Jersey 07871.

7. That the foregoing occurred by reason of the negligence, carelessness, and recklessness, and deviations from accepted standards of medical and therapeutic practice and procedure, of the defendant, GARDEN STATE TREATMENT CENTER LLC, , its agents, servants, employees, and/or contractors including defendants, JOHN DOES 1-10, in the ownership, operation and control of said treatment center, in the assessment of the needs and safety of its patients, in the supervision of the defendant, TYLER LANMAN, in the admission as an inpatient of said co-defendant despite their knowledge of his violent and delusional tendencies, and failing to one-on-one supervise said co-defendant and/or exclude him from contact with other patients, including the plaintiff, STEPHEN RUEDA, and in violation of all local and state rules, laws, ordinances, and New Jersey Department of Health regulations and/or recommendations.

8. That as a result of the foregoing, the plaintiff, STEPHEN RUEDA, sustained serious, severe, and protracted and permanent injuries, necessitation medical aid and attention, and the expending of large sums of money for his care and treatment to date.

WHEREFORE, the plaintiff, STEPHEN RUEDA, demands judgment against the defendant, GARDEN STATE TREATMENT CENTER LLC, its agents, servants, employees, and/or contractors including defendants, JOHN DOES 1-10, together with interest, attorney's fees, disbursements, and costs of this suit.

## AS AND FOR A SECOND COUNT

### (ASSAULT & BATTERY)

1. Plaintiff, STEPHEN RUEDA, repeats, reiterates and realleges each and every allegation contained in the First Count of the Complaint as if same were more fully set forth at length herein.

2. That at said time and place as set forth herein, the defendant, defendant, TYLER LANMAN, while left unsupervised and not excluded from contact with other patients, did violently and without provocation, assault and batter the plaintiff, STEPHEN RUEDA.

3. That as a result of the foregoing, the plaintiff, STEPHEN RUEDA, sustained serious, severe, and protracted and permanent injuries, necessitation medical aid and attention, and the expending of large sums of money for his care and treatment to date.

WHEREFORE, the plaintiff, STEPHEN RUEDA, demands judgment against the defendant, TYLER LANMAN, together with interest, attorney's fees, disbursements, and costs of this suit.

## JURY DEMAND

PLEASE TAKE NOTICE the plaintiff hereby demands trial by jury on all issues.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. All parties known to plaintiff at this time who should have been joined in this action have been joined.

Dated: July 20, 2022

JOSEPH R. BONGIORNO & ASSOCIATES, PC
Attorneys for Plaintiff, STEPHEN RUEDA

By: _____
JOSEPH R. BONGIORNO, ESQ. (1832)
250 Mineola Boulevard
Mineola, New York 11501
(516) 741-2405